UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12CV-P640-S

**MACK THOMAS ST. CLAIR III**                                                                **PLAINTIFF**

v.

**JONATHAN SNOW** *et al.*                                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

  Plaintiff Mack Thomas St. Clair, III, filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Subsequent to filing the complaint, Plaintiff sent a letter to the Court (DN 6). Because the letter alleged facts not included in the complaint, the Court **CONSTRUES** the letter (DN 6) as a motion to amend the complaint and **GRANTS** the motion. Fed. R. Civ. P. 15(a)(1). The claims therein will be screened as part of the Court's initial review.

  For the reasons set forth below, several of the claims will be dismissed, and the remainder of the action will be stayed.

I.

  Plaintiff, a pretrial detainee at the Nelson County Detention Center, sues Jonathan Snow, a detective with the Nelson County Sheriff's Office; Jack Seay, Nelson County Circuit Judge; the Marion County Sheriff's Office; the Nelson County Sheriff's Office, and the Marion County Detention Center. He sues all Defendants in their individual and official capacities. Plaintiff raises a number of allegations concerning his arrest, including allegations that he was arrested

without probable cause, that he was not mirandized, and that he was arrested under a "John Doe" warrant.[1]

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III.

*Injunctive relief*

As relief, Plaintiff states that he seeks injunctive relief in the form of expungement and release. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release

---

[1] At this stage, the Court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, Plaintiff cannot seek expungement or release through the instant § 1983 action. Plaintiff's claim for injunctive relief will therefore be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to send Plaintiff a form for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, should Plaintiff choose to do so.

*Claim against Defendant Seay*

Plaintiff sues Defendant Circuit Judge Seay but does not state any specific claims against him in the complaint or amendment. In any event, judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). A plaintiff may recover damages against a judge only when the judge has acted in "clear absence of all jurisdiction." *Id.* at 356-57 (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)). Furthermore, "[a]bsolute immunity is not available if the alleged wrongful conduct was committed pursuant to a non-judicial act, *i.e.*, one not taken in the judge's judicial capacity, such as terminating an employee." *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994) (citing *Forrester v. White*, 484 U.S. 219, 229-30 (1988)). In the instant case, Plaintiff does not allege that Defendant acted in the absence of jurisdiction or that his claims arise out of any non-judicial act. Therefore, the individual-capacity claim against Defendant Seay will be dismissed for failure to state a claim.

Plaintiff also sues Defendant Seay in his official capacity. An official-capacity claim brought against a state-court judge is deemed a claim against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's claim against Defendant Seay in his official capacity fails to state a claim and will be dismissed.

### *Marion County Detention Center*

Plaintiff names as a Defendant the Marion County Detention Center, but he alleges no factual allegations concerning this Defendant. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff has not alleged any facts involving Defendant Marion County Detention Center, the claim against it will be dismissed for failure to state a claim upon which relief may be granted.

*Remainder of claims*

"If a plaintiff files . . . any . . . claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."  *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).  Plaintiff has identified himself as a pretrial detainee.  Given the nature of Plaintiff's claims and the on-going criminal proceedings against him, **IT IS HEREBY ORDERED** that the remainder of this action is **STAYED** pending the final disposition of the criminal case against Plaintiff.

**Plaintiff shall notify the Court in writing within 30 days of the final disposition of the state criminal action against him.  Plaintiff is WARNED that his failure to do so will result in the dismissal of this civil action.**

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's § 1983 claims for injunctive relief and claims against Defendants Jack Seay and the Marion County Detention Center are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate** Defendants Seay and Marion County Detention Center as parties to the action.

Date:  April 19, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Nelson County Attorney
    Marion County Attorney
4411.010

5