UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12CV-P640-S

**MACK THOMAS ST. CLAIR III**                                                      **PLAINTIFF**

v.

**JOHNATHAN SNOW** *et al.*                                                                **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Mack Thomas St. Clair III, filed the instant *pro se* action alleging constitutional violations stemming from his arrest in 2012. The Court conducted an initial review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A. The Court dismissed some claims and stayed his false arrest claim pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007).[1] After receiving a letter from Plaintiff indicating that the criminal matter had concluded, the Court entered a Memorandum and Order directing Plaintiff to provide information concerning the criminal matter. Plaintiff filed a response. However, based on the facts alleged by Plaintiff, the Court still did not have sufficient information to determine whether Plaintiff's guilty plea and conviction estopped him from maintaining a false arrest claim and therefore subjected his claims to dismissal under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Therefore, on April 18, 2014, the Court entered a Memorandum and Order directing Plaintiff to file an amended complaint within 30 days and to specifically state under what charge(s) he was arrested; specifically state to what charge(s) he pleaded guilty; set forth the dates of the arrest and conviction; state whether a direct appeal or state collateral proceeding is

---

[1]Under *Wallace*, "[i]f a plaintiff files . . . any . . . claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94.

pending; and describe how he alleges each Defendant violated his rights.  The Memorandum and Order stated, "Plaintiff is **WARNED** that failure to file an amended complaint within 30 days will result in dismissal of the action."

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Memorandum and Order or to take any other action in this case.  Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims.  Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).  Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Memorandum and Order shows a failure to pursue his case.  Therefore, by separate Order, the Court will dismiss the instant action.

In addition, in the April 18, 2014, Memorandum and Order, the Court also stayed Plaintiff's claims concerning a 2014 arrest pursuant to *Wallace v. Kato*, 549 U.S. at 393-94,

because the charges stemming from the arrest were still pending. The dismissal of this action includes all claims brought in this lawsuit, including the claims that were stayed.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Nelson County Attorney
 Marion County Attorney
4411.010